**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-02576-MSK-KLM

**FAR EAST ENTERPRISE LLP,**

    Plaintiff,

v.

**SEQUOIA INSURANCE COMPANY, a California corporation,**

    Defendant.

## OPINION AND ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court on the Plaintiff Far East Enterprise's Motion to Remand to State Court **(#13)**. The Defendant Sequoia Insurance Company did not respond.

Far East commenced this action in the Colorado District Court for the City and County of Denver. The Complaint **(#4)** alleges that Sequoia failed to pay an insurance claim for damage that was covered by an insurance policy held by Far East. Far East asserts claims for breach of contract, violation of C.R.S. §§ 10-3-1115 and -1116, and common-law bad faith. Sequoia was served with process on July 10, 2013.

On September 20, 2013, Sequoia removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In its Notice of Removal **(#1)**, Sequoia asserts that this Court can exercise jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

In its motion, Far East does not dispute that this Court has original jurisdiction under §1332 — *i.e.* that complete diversity exists between the parties and the actual amount in controversy exceeds the statutory minimum of $75,000. Rather, Far East raises a technical

1

objection, arguing that the case should be remanded because Sequoia's Notice of Removal was untimely under § 1446(b).

Section 1446(b)(1) requires that a notice of removal be filed within 30 days after the defendant is served with the Complaint. However, if the allegations in the complaint do not state that the case is removable, a notice of removal may be filed within 30 days after the defendant receives an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Under §1446(c)(3)(A), if the case as stated in the complaint is not removable solely because the amount in controversy does not exceed $75,000, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

Having reviewed the record, the Court finds that the Notice of Removal is timely. Sequoia received the Complaint on July 10, 2013. On its face, the Complaint does not state that the case is removable because the allegations do not confirm the amount in controversy[1] — there is no demand for a specific sum of damages, and the only reference to a sum certain is the factual allegation that Far East sent Sequoia an invoice for $35,381.89 that went unpaid. The claims allege that Sequoia failed to pay benefits owing, but nowhere do the allegations quantify what the benefits were or state the total amount of damages sought. Thus, the case was not removable at the time of service because the amount in controversy did not meet the $75,000 statutory requirement.

Later, on September 19, 2013, the parties filed their Initial Case Management Conference Joint Report. In that report, Far East provided an itemization of damages and represented that

---

[1] The Court notes that, although the Complaint does not, the Notice of Removal sufficiently alleges that diversity of citizenship exists between the parties.

the total damages sought for breach of contract and unreasonable delay/denial amounted to approximately $1.4 million.  Sequoia represents in its Notice of Removal that the report is the first document it received from which it could ascertain that the amount in controversy exceeds $75,000.  There is nothing in the record to indicate that Sequoia would have received notice of the amount in controversy through any other pleading, motion, order, or document.  The Court finds that the report constitutes an "other paper" under § 1446(b)(3), and Sequoia therefore had 30 days from September 19, 2013, in which to file its notice of removal.  Because the Notice of Removal was filed on September 20, 2013, it is timely.

For the forgoing reasons, the Plaintiff's Motion to Remand to State Court **(#13)** is **DENIED**.

Dated this 7th day of November, 2013.

BY THE COURT:

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

3